(No. 724—Claim denied.)

J. S. Neighbors, Administrator of the Estate of Elsie Marie Neighbors, Deceased, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 9, 1926.*

*Rehearing denied January 19, 1927.*

Governmental function—*when State not liable.* The State in conducting its State Hospital at Peoria, exercises a governmental function, and is not liable for injuries sustained by its employees therein. (*Hartley* v. *State, supra,* 4-C. C. Rep. 268, followed.)

K. C. Ronalds, for claimant.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court:

This is a claim brought by the administrator of the estate of Elsie Marie Neighbors, deceased, to recover the sum of $10,000.00. It appears from stipulation and other allegations in the case that Elsie Marie Neighbors became an employe of the State of Illinois as an attendant at the Peoria State Hospital in 1917 and afterwards as a nurse; that she became ill in March, 1921; that in August of the same year she was taken to Colorado and that she returned to her home in Galatia, Illinois on April 5, 1922 and that she departed this life on Sept. 9, 1922.

It is contended by claimant that at the time the said Elsie Neighbors entered such employment she was in good health; that at the time she became ill in 1921, she was working in a tubercular ward and had been for several weeks prior thereto. It is contended by the defendant and supported by testimony of several witnesses who were nurses at said hospital, and were acquainted with Miss Neighbors, that she was a frail girl; that these nurses did practically the same kind of work and were on duty in active tubercular work. It is also contended by the defendant that Miss Neighbors was the type of person physically who would be liable to contract this disease.

This court is impressed with the strong argument made by counsel for claimant in that this case is one that should appeal to the sympathy of all persons, and it is a case that

warrants the most earnest consideration. We realize the sorrow and heartache of the parents and friends of this girl, but it is the duty of this court to keep within bounds the liability of the State of Illinois as was contemplated by the Legislature in passing the Court of Claims act.

It is conceded that there is no legal liability, and this case cannot be considered as viewed by this court under the rules prescribed in the act commonly called "The Workman's Compensation Act." Therefore the only question left to consider is whether or not this is an obligation that the State should. in equity and good conscience pay. It is the opinion of this court that from all the evidence in this case there is a doubt as to whether or not this girl would not have contracted this disease sooner or later in other employment. It appears from the evidence that many other attendants and nurses performed the same duties and were exposed to the same dangers of this disease as Miss Neighbors and there is nothing in the evidence to indicate negligence on the part of the management of this hospital in so far as safeguarding the nurses, attendants and patients in so far as practical against disease. It must be conceded also that the training necessary for Miss Neighbors to prepare for work as a nurse would give her sufficient knowledge to understand the hazards and dangers of this occupation and the ability to protect herself in so far as possible, and it would seem that when she entered this employment she well knew the health dangers and hazards of this occupation and consequently assumed the risk, if there was risk in that occupation of such a nature as to hazard the health of persons who were not disposed to contract tuberculosis.

The claimant cites the case of *Hartley* v. *State of Illinois,* Vol. 4, page 268, Court of Claims reports, in which case the claimant was employed and at work in a place that was especially attractive to lightning by reason of the existence of a high tension electric transmission wire, and the buildings adjacent thereto or the wall of the penitentiary was re-inforced with steel and iron, etc. It appears to this court now as it did on passing on the Hartley case that the claimant was exposed to special hazards in doing the particular work he was employed in at the time of his injury; that in the case cited by the claimant, *Turner* v. *The State of Illinois,* Vol. 4, page 275 of the Court of Claims reports, the claimant was ordered to take care of the patient who was violent and suffering with smallpox; that claimant was obliged to come in

close contact, placing his arms around the patient's shoulders and neck, holding him upright while he was taking the patient's temperature; that the attending physician told claimant that there was no danger in his doing so, that claimant was about seven and a half hours in constant attendance upon said patient.

It does not appear to the court that either of these cases could be urged as a precedent to the one now considered by the court. In both cases cited, extra and unusual hazards were manifest, and there could be no reasonable controversy as to the cause of the injuries complained of.

Therefore it is the opinion of this court that to make an allowance in this line of cases would mean an obligation upon the State equal to that of health insurance and we do not consider that the Legislature intended that this court would extend the obligation of the People of the State of Illinois to that limit. It is true that as a matter of equity and good conscience this court takes jurisdiction on cases of unusual hazards and dangers where no doubt could be raised as to the hazards or the causes and where injuries were sustained in course of employment. We are of the opinion however that this claim cannot be allowed by reason of precedent in this court or through the intention of the Legislature when this court was established, and therefore this claim is disallowed.